## GRAHAM v THOMPSON

Docket No. 99268. Submitted November 3, 1987, at Grand Rapids. Decided March 21, 1988.

Herbert Graham, next friend of Becky Graham, brought an action in the Mackinac Circuit Court against Ronald F. Thompson, personal representative for the estate of Cheryl Louise Thompson. Plaintiff requested Northern Michigan Hospitals, Inc., a nonparty to the action, to produce the medical records of Becky Graham. NMH responded that a copy charge of $10 for processing and $1 for each page, a total of $447, would be made for the records. Plaintiff moved to have NMH produce the records for a lesser fee. The trial court, Nicholas J. Lambros, J., denied the motion. Plaintiff appealed from the final order to that effect.

The Court of Appeals *held:*

The evidence generated below does not support the conclusion that NMH's fee structure for the duplication of patient's records represents the reasonable expenses incurred by NMH in complying with such requests. The applicable court rule authorizes a nonparty to charge only the amount representing the reasonable expenses incurred in complying with a discovery request from a party. The nonparty has an obligation to furnish appropriate evidence in support of its charges to the requesting party. This, NMH failed to do.

Remanded.

BEASLEY, J., concurred in the determination to remand for a further hearing but dissented from the determination that it is NMH's burden to show its charges are reasonable. He believes that the burden to prove that the charges are unreasonable is on the party requesting the records. He does not agree that the hospital, for the purposes of determining reasonable cost, must include the cost of copies of hospital records made for the hospital's internal purposes.

REFERENCES

Am Jur 2d, Evidence §§ 846, 847.

For annotations, see Index to Annotations under Documentary Evidence.

Evidence — Nonparties — Cost of Documents.

    A nonparty to an action may be served with a request to produce documents and may receive therefor the reasonable expenses incurred in complying with the request from the party making the request; the nonparty has an obligation to furnish appropriate evidence in support of its charges to the requesting party (MCR 2.310[C][1] and [5]).

*Sumpter & Perry, P.C.* (by *Jerry L. Sumpter*), for plaintiff.

*Menmuir, Zimmerman, Kuhn & Bearup* (by *Robert W. Tubbs*), for Northern Michigan Hospitals, Inc.

Before: Wahls, P.J., and Beasley and D. A. Burress,* JJ.

Wahls, P.J. Plaintiff, Herbert Graham, next friend of Becky Graham, appeals from a March, 1987, order of the Mackinac Circuit Court denying his motion to have Northern Michigan Hospitals, Inc., produce the medical records of Becky Graham at a fee less than the amount of $1 per page plus a $10 processing fee. We agree with plaintiff that the evidence generated below does not support the conclusion that NMH's fee structure for the duplication of patients' medical records represents the reasonable expenses incurred by NMH in complying with such requests. Accordingly, we reverse and remand for further proceedings consistent with this opinion.

In December, 1986, plaintiff requested NMH to send copies of Becky Graham's medical records and, a few days later, was informed by letter that for that service: "Copy charges are $10.00 for processing and $1.00 for each page copied." This formula required plaintiff to pay $447 for a copy of

---

    * Circuit judge, sitting on the Court of Appeals by assignment.

the medical records. Plaintiff, believing that this charge made the medical records "outrageously expensive," asked the Mackinac Circuit Court to order NMH to produce the records for a reasonable reimbursement representing expenses actually incurred. The circuit court, relying heavily on an affidavit of NMH's vice-president of financial services, concluded that "the costs are reasonable and proper," and therefore denied plaintiff's motion.

NMH is not a party to this action. MCR 2.310(C)(1) permits a nonparty to be served with a request to produce documents, and subpart (C)(5) provides: "The court may order the party seeking discovery to pay the reasonable expenses incurred in complying with the request by the person from whom discovery is sought." Thus, as NMH itself has stated: "The question is 'What are Northern Michigan Hospital's actual costs to reproduce Plaintiff's [sic] records and supply them to Plaintiff's counsel?'" At the January 9, 1987, hearing on this matter, NMH's counsel acknowledged that, under the terms of the court rule, NMH was not permitted to make a profit from plaintiff's request, but merely to recoup actual costs and expenses incurred.

NMH maintains that the trial court's conclusion, that the fee for the duplication of medical records represents "reasonable expenses incurred," is confirmed by the affidavit of Jerry L. Worden, NMH's vice-president of financial services. In his affidavit, Mr. Worden states, among other things: "The Hospital has spent considerable time and effort in determining a fee which provides actual reimbursement for out-of-pocket costs to the Hospital, and I believe this fee is reasonable." Mr. Worden asserted in his affidavit that in order to process the high volume of requests received by NMH from patients or their attorneys, it was necessary to

hire two people to do nothing but make copies of patients' medical records. The "total payroll cost inclusive of benefits in 1986" for the services of these two employees was "equal to $47,114.00," Mr. Worden stated. Moreover, he stated that, in addition to these costs, three photocopy machines are maintained by NMH, which had "pro rata deprecation . . . , annual maintenance costs, paper, postage and actual overhead expenses combined in 1986 . . . equal to $12,470.00." Of the total labor and maintenance costs, amounting to $59,584 in 1986, Mr. Worden declared that NMH recovered only $22,000 under its former fee structure, which provided for a copy charge of fifty cents per page of an individual's medical record.

Although these figures initially seem to support NMH's position, upon closer examination we find that certain gaps in their presentation preclude us from confidently concluding that the trial court did not abuse its discretion in denying plaintiff's motion. First, we note that NMH's written policy regarding the disclosure of medical information exempts various individuals and institutions from payment for the copying of medical records. For example, insurance companies representing NMH, insurance companies requesting information in order to pay a patient's hospital bill, nonstaff physicians who present a written authorization, and patients whose copied records are taken to another facility or physician for follow-up care are not charged for the duplication of medical records. Mr. Worden's affidavit does not mention how much money NMH does not recoup from these individuals and institutions exempted from payment, and whether those unrecouped expenses are in fact paid by NMH itself or are ultimately covered by paying requestors. If the paying requestors, such as plaintiff, are paying any portion of the costs

attributable to the nonpaying requestors, then the former are subsidizing the latter to an extent exceeding that amount permitted under the court rules, i.e., that amount representing the reasonable expenses incurred by NMH in complying with a paying requestor's discovery request.

In addition, Mr. Worden's affidavit, beyond failing to itemize the amount of money spent by NMH for labor costs attributable to the duplication of medical records solely for paying requestors, does not itemize the amount of money spent by NMH for copy machine costs attributable to the duplication of medical records solely for paying requestors. Since the applicable court rule authorizes a nonparty, such as NMH in this case, to charge only an amount representing the reasonable expenses incurred in complying with a discovery request from a party, we believe that the nonparty has an obligation to furnish appropriate evidence in support of its charges to the requesting party. This, NMH failed to do. At a minimum, in the present case, NMH should reveal how many copies are made per year in response to requests occasioned solely by paying requestors, as well as the total number of copies made per year by NMH for paying, nonpaying, and any other requestors. Once these amounts are revealed, they may be compared to the total, itemized labor and machine maintenance costs incurred by NMH. Those latter costs may be divided in proportion to the number of copies made for paying requestors and the number of copies made for nonpaying and other requestors. A reasonable per-page amount is then easily calculated by dividing the number of copies made for paying requestors into the pro rata amount of expenses incurred attributable to all paying requestors.

Remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

D. A. BURRESS, J., concurred.

BEASLEY, J. *(concurring in part and dissenting in part).* I concur in remanding for a further hearing and for detailed findings of fact by the trial judge.

I do not agree that the hospital has the burden of proof to show that its charges for furnishing hospital records to litigants is reasonable. On the contrary, I believe the burden is and should be on a party seeking hospital records to establish that the charges are unreasonable.

Neither do I agree that the hospital must, for the purposes of determining reasonable cost, include the cost of copies of hospital records made for the hospital's internal purposes. The hospital is not required to finance the cost to litigants of deciding whether they have claims.

In concurring to remand, I do not join in holding that the trial judge has abused his discretion. However, I do believe that there should be an opportunity for an evidentiary hearing and findings of fact by the trial judge. The Court of Appeals will then be in a better position to render a precedent-making opinion. In that connection, it may well be that a further court rule or statute will be desirable to accomplish a better balance between the primary purposes of hospitals and the needs of litigants.