*In re* DOCUMENT FEES

(GLOVER v RALPH MEYERS TRUCKING, INC)

Docket No. 190147. Submitted May 7, 1997, at Grand Rapids. Decided July 25, 1997, at 9:00 A.M.

Paul Glover brought a personal injury action in the Berrien Circuit Court against Ralph Meyers Trucking, Inc., and others. The defendants requested Mercy Memorial Medical Center, a nonparty to the action, to produce the medical records of the plaintiff. Mercy collected and made copies of 267 pages of records and billed the defendants $201.20, approximately 76 cents a page, based on a formula that spread actual labor, material, and overhead costs incurred in one year over the number of copies requested in the same year. The defendants refused to pay the charge and instead subpoenaed Mercy and Glover's original medical records so that the defendants could photocopy the records themselves. Mercy refused to turn over the records without receipt of payment, and the defendants filed a motion to compel Mercy to produce the documents. Following a hearing, the court, Ronald J. Taylor, J., ordered Mercy to provide copies of the medical records upon the defendants' payment of 17 cents a page, a rate proposed by the defendants, and a $12 witness fee. Mercy appealed by leave granted.

The Court of Appeals *held*:

The trial court abused its discretion in determining that 17 cents a page and the $12 witness fee constituted reasonable reimbursement for Mercy's expenses.

1. MCR 2.314(D)(2),(5), subparts of a court rule governing discovery of medical information concerning a party, permit a custodian of medical records either to produce the original documents for copying by the requesting party or to make copies of the documents and charge a reasonable fee for that service.

2. Pursuant to the formula outlined in *Graham v Thompson,* 167 Mich App 371 (1988), a reasonable fee for each page of copied medical records provided by a medical records custodian to a paying requestor is the quotient that results from dividing that part of the total labor and machine maintenance costs incurred by the custodian in a given year for copies provided to paying requestors by

the total number of copies provided by the custodian to paying requestors. The matter must be remanded for recalculation of Mercy's reasonable fee pursuant to the *Graham* formula.

3. MCR 2.506(G) and MCL 600.2552(1); MSA 27A.2552(1) provide that a witness fee serves as compensation for a witness' appearance in a suit or proceeding in a court of record. There is no indication in the court rule, the statute, or any case law that a witness fee may serve to compensate a witness for costs incurred in retrieving and gathering records. On remand, the trial court must award Mercy the $12 witness fee over and above the recalculated fee for the copies of the medical records.

Reversed and remanded for further proceedings.

EVIDENCE — DISCOVERY — NONPARTIES — MEDICAL RECORDS CUSTODIANS — REASONABLE FEES.

A medical records custodian that is not a party to an action and of whom a party requests copies of the medical records of the other party may produce the original documents for copying by the requesting party or make copies of the documents and charge a reasonable fee; a reasonable fee for each page of copies is the quotient that results from dividing that part of the total labor and machine maintenance costs incurred by the custodian in a given year for copies provided to paying requestors by the total number of copies provided by the custodian to paying requestors (MCR 2.314[D][2],[5]).

*Varnum, Riddering, Schmidt & Howlett, LLP* (by *Abraham Rynbrandt*), for Mercy Memorial Medical Center.

*James, Dark & Brill* (by *Brett A. Howell* and *David M. Dark*), for Ralph Meyers Trucking, Inc., and others.

Before: YOUNG, P.J., and DOCTOROFF and CAVANAGH, JJ.

PER CURIAM. This case involves a dispute arising under MCR 2.314 concerning copy fees for requested medical records. Mercy Memorial Medical Center, a nonparty to the underlying personal injury action between Paul Glover and Ralph Meyers Trucking,

Inc., appeals by leave granted from the October 13, 1994, interlocutory order of the Berrien Circuit Court, which compelled Mercy to produce medical documents in the underlying action. We reverse.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The facts of this controversy concerning the calculation of fees are largely undisputed. In the underlying action, plaintiff sued defendants for personal injury. David Dark, attorney for defendants, sent a letter to Mercy, requesting that Mercy produce a copy of all of its medical records pertaining to plaintiff Paul Glover. In his letter, Mr. Dark indicated a willingness to pay a reasonable fee for the requested copies. Responding to defendants' request, Mercy located, collected, and copied 267 pages of medical records and sent a bill to defendants for $201.20. The bill was based on Mercy's spreadsheet formula designed to calculate its actual costs involved in producing copies of the requested records. Defendants refused to pay the fee and issued a subpoena for personal appearance by Mercy and production of the original requested documents.

Suzanne Heyn, Mercy's senior medical information specialist, appeared in response to the subpoena at the offices of defendant's counsel with the original and photocopies of the requested documents. Heyn was thereafter deposed. Heyn testified that she was authorized only to turn over the copies to defendants, and then only upon receiving the $201.20 fee. Heyn also stated that she was not authorized to allow defendants' attorneys to copy the originals at their offices.

Defendants refused to reimburse Mercy for the copies and moved in the circuit court to compel Mercy to

produce the documents, arguing that Mercy's fee was unreasonable. In opposition, Mercy submitted an affidavit of Shereen Martin, Mercy's medical records manager. The Martin affidavit averred that: (1) the fee charged by Mercy represented a calculation of Mercy's actual fees incurred in copying the requested documents; (2) the formula used to calculate the fees accounted for all expenses incurred in photocopying plaintiff's medical documents, including the costs of labor, machine maintenance, rental space, and supply costs; (3) the total expenses were divided by the number of total copies made during the year, and the resulting cost-per-copy was then reduced to account for nonpaying requestors; and (4) the actual cost of producing the 267 copies based on the spreadsheet formula was $232.59.[1]

The hearing on defendants' motion was held on October 3, 1994. At the hearing on defendants' motion to compel, defendants argued that they should have been permitted under MCR 2.305 personally to copy the original documents and thereby avoid payment of any fee to Mercy. Defendants further argued in the alternative that they were willing to pay 17 cents a page, plus a $12 witness fee. Mercy contended that the $201.20 was not only reasonable, but represented the actual cost it incurred in copying the requested documents. Mercy cited in support of its argument this Court's decision in *Graham v Thompson*, 167 Mich App 371; 421 NW2d 694 (1988), arguing that

---

[1] Mercy states in its brief that, by the time Martin was deposed, its spreadsheet formula had been updated and the actual expense it incurred was $232.59; however, Mercy is appealing on the basis of the original requested amount of $201.20 it billed.

"reasonable costs" *are* the actual costs, calculated according to the formula set forth in that case.

The circuit court appeared to agree with defendants' argument and granted defendants' motion to compel production of the documents at the rate of 17 cents a page copied plus a $12 witness fee.

## II. ANALYSIS

### A. CALCULATING COSTS FOR REQUESTED RECORDS

This Court reviews the circuit court's determination of the reasonableness of fees ordered for the production of documents for an abuse of discretion. *Id.*, at 374. We conclude that the circuit court abused its discretion.

Mercy argues that it reasonably complied with defendants' request for production of documents under MCR 2.314(D)(2) and that its calculation of fees for the retrieval and copying of the documents was reasonable, as required for reimbursement under MCR 2.314(D)(5). Specifically, MCR 2.314(D)(2) states:

> In responding to a request for medical information under this rule, the custodian will be deemed to have complied with the request if the custodian
>
> (a) makes the information reasonably available for inspection and copying; or
>
> (b) delivers to the requesting party the original information or a true and exact copy of the original information accompanied by a sworn certificate in the form approved by the state court administrator, signed by the custodian verifying that the copy is a true and complete reproduction of the original information.

Further, MCR 2.314(D)(5) states:

> In complying with subrule (D)(2), the custodian is enti-
> tled to receive reasonable reimbursement in advance for
> expenses of compliance.

Relatedly, MCR 2.310(C)(5), which addresses requests
served on nonparties for the inspection and copying
of documents, provides:

> The court may order the party seeking discovery to pay
> the reasonable expenses incurred in complying with the
> request by the person from whom discovery is sought.

Defendants argue that no copying fee was owed to
Mercy because defendants offered to copy the origi-
nal documents at their own expense and, in the alter-
native, that the highest fee that Mercy could reasona-
bly charge for copying was 17 cents a page plus a $12
witness fee. However, Mercy first argues that MCR
2.314(D)(2) permits the custodian of records to
choose whether to produce the original documents
for copying by the requesting party or to copy the
documents and charge a reasonable fee for that ser-
vice. Mercy further contends that its copying fee was
reasonable because it represents actual costs
incurred of $201.20 in total, or approximately 76 cents
a page.

We believe that Mercy's first argument is supported
by the plain language of MCR 2.314(D)(2), which pro-
vides alternative means of complying under subparts
a *or* b of the rule. Because Mercy had *already* made
the copies before being subpoenaed, and therefore
had incurred the expense, it was reasonable for Heyn,
on behalf of Mercy, to refuse to allow defendants to
then copy the documents and avoid any payment of
fees to Mercy.

Mercy's next argument is that charging its actual costs for producing and copying documents requested by defendants was a reasonable charge and that the circuit court abused its discretion in ordering defendants to pay a substantially lower fee to Mercy. The only relevant case law analyzing the reasonableness test under the court rules regarding a fee calculation is this Court's decision in *Graham, supra.*

In *Graham*, the hospital charged the defendant $10 for processing plus $1 for each page copied. Similar to the present case, the party requesting medical records in *Graham* argued that the hospital's fees were unreasonable and moved in the circuit court to order the hospital to produce the records "for a reasonable reimbursement representing expenses actually incurred." *Id.* at 372-373. The circuit court concluded that the hospital's charges were reasonable and denied the plaintiff's motion. *Id.* at 373. This Court rejected the circuit court's decision and remanded for a calculation of the hospital's actual expenses incurred. *Id.* at 374-376. This Court went a considerable step further to provide guidance to the lower court regarding how to calculate actual costs and offered the following formula:

> At a minimum, [the custodian of records] should reveal how many copies are made per year in response to requests occasioned solely by paying requestors, as well as the total number of copies made per year by [the custodian] for paying, nonpaying, and any other requestors. Once these amounts are revealed, they may be compared to the total, itemized labor and machine maintenance costs incurred by [the custodian]. Those latter costs may be divided in proportion to the number of copies made for paying requestors and the number of copies made for nonpaying and other requestors. A *reasonable* per-page amount is then easily cal-

culated by dividing the number of copies made for paying requestors into the pro rata amount of expenses incurred attributable to all paying requestors. [*Id.* at 375 (emphasis added).]

In the present case, Mercy attempted to comply with both the court rules and applicable case law by applying almost the exact formula given in *Graham* above. As stated by Mercy at the circuit court hearing:

[T]he way [actual costs] are calculated is to take the total number of photocopies produced on a record, take a subset of those that are paid for because there are some obligations to produce records for free. Once we are within the subset of the records for which there's an obligation to pay, you allocate the cost accordingly to each photocopy, the cost of labor, the cost of machines, the cost of upkeep, the cost of space and in doing that, that is how we arrived at $232.00 in expenses.

This Court stated in *Graham, supra* at 373-375, that the issue involved the custodian's "actual costs" incurred in copying and producing the records, and provided a formula to calculate a "reasonable per-page amount." Mercy has offered sufficient evidence to show that it specifically applied the formula provided in *Graham* and calculated its actual per-page costs in complying with defendants' request. Mercy's total cost of $232.59, divided by the number of pages copied (267) results in a per-page cost of approximately 87 cents.[2] Mercy asked the circuit court to order defendants to pay approximately 75 cents a page on the basis of its original fee calculated under an outdated spreadsheet. Although not compelled to

---

[2] See n 1.

do so under Administrative Order No. 1996-4, we reaffirm *Graham* and its method for calculating costs for copying records under the Michigan Court Rules.

Given the evidence presented, it was a clear abuse of the circuit court's discretion to order defendants to pay only 17 cents a page as a reasonable fee for Mercy's services. In arriving at its decision, the circuit court reasoned that it need not order defendants to pay Mercy's fee if defendants could have made the copies at a cheaper rate. However, there are two problems with the court's reasoning. First, whether Mercy's charge could have been reduced is not the issue; the issue is whether its charge was reasonable. Second, as Mercy stated to the circuit court, defendants' argument that they could have produced the copies at no cost is illusory: it does not account for initial costs to Mercy in identifying, locating, retrieving, collecting, and producing the documents to defendants in response to defendants' original request. There are costs involved with those tasks that would be incurred by Mercy regardless of which party actually does the photocopying. Mercy's formula properly accounted for those costs, while defendants' arbitrary offer and the court's order for 17 cents a page did not. Therefore, the circuit court abused its discretion, and this Court remands for a determination of fees payable to Mercy under the formula provided in *Graham*.

### B. ALLOCATION OF THE $12 WITNESS FEE

Mercy's second argument is that the circuit court improperly allocated the $12 witness fee, required under MCR 2.506(G), to reimbursement for Mercy's retrieval of records. We agree. As a question of law,

we review the issue de novo. *Vargo v Sauer*, 215 Mich App 389, 398; 547 NW2d 40 (1996).

The issue of paying a $12 witness fee arose because, in response to Mercy's bill for making the requested copies, defendants served a subpoena upon Mercy requiring Mercy to appear and produce the documents it had already copied pursuant to defendants' earlier request. As stated above, at the hearing on defendants' motion to compel, defendants requested, and the circuit court ordered, that defendants reimburse Mercy 17 cents a page for copying of medical records plus a $12 witness fee. The only issue addressed at that hearing was the reasonableness of the fee paid to Mercy as reimbursement for its services in producing a copy of plaintiff's medical records. The $12 witness fee, also referred to by defendants at the hearing as a subpoena fee, was offered by defendants in compliance with MCR 2.506(G), which is titled "Service of Subpoena and Order to Attend; Fees," and mandates that, where an individual is forced to appear by direction of a subpoena, the individual is entitled to be paid a fee for "attendance and mileage." The rate of that fee is provided in MCL 600.2552(1); MSA 27A.2552(1), which states: "Witnesses shall receive for attending in any suit or proceeding pending in a court of record, $12.00 for each day . . . ."

The plain language of the applicable court rule and statute indicates that the $12 fee is compensation for a witness' *appearance*. This issue was raised by neither defendants nor Mercy at the circuit court hearing. Rather, it appears that the court, in its order, inadvertently used the language "with a $12.00 witness fee for the *retrieval* of those medical records"

(emphasis added). There is no indication in the court rule, statute, or any case law that the witness fee was in any way intended to compensate a witness for the costs incurred in retrieving and gathering records to bring them when appearing pursuant to a subpoena.

The clarification of the meaning of the court's order is important to Mercy because, if the witness fee is interpreted to literally compensate Mercy for its retrieval of the records, then all the built-in costs in such a process as discussed earlier could be disregarded in lieu of paying a $12 witness fee. Instead, we conclude that the proper outcome on remand is to award Mercy a $12 witness fee for appearance pursuant to the subpoena *over and above* the reasonably calculated per-page fee for retrieval and copying of documents.

Reversed and remanded for further proceedings consistent with this opinion. As the prevailing party, Mercy may tax costs pursuant to MCR 7.219.