STATE FARM MUTUAL INSURANCE CO v
BROE REHABILITATION SERVICES, INC

Docket No. 289230. Submitted June 2, 2010 at Detroit. Decided July 22, 2010, at 9:00 a.m.

State Farm Mutual Insurance Company brought an action for discovery against Broe Rehabilitation Services, Inc., in the Oakland Circuit Court. Plaintiff sought to obtain information about the treatment that defendant had provided to several of its insureds pursuant to MCL 500.3158(2) and 500.3159, which allow a court to enter an order for discovery if there is a dispute regarding an insurer's right to discovery of facts about an injured person's history, condition, treatment, and dates and costs of treatment. Defendant moved for summary disposition, arguing that because there was no dispute between the parties, these provisions did not apply and the court lacked jurisdiction over the matter. The court, Nanci J. Grant, J., denied the motion, ruling that the Insurance Code explicitly authorizes the relief plaintiff sought and that an actual controversy existed despite the fact that plaintiff was not seeking actual damages. Defendant moved for reconsideration of this ruling, and plaintiff moved to compel discovery. The court denied the former motion and granted the latter, and defendant appealed.

The Court of Appeals *held*:

An insurance company has the right under MCL 500.3158(2) and 500.3159 to demand copies of records from a physician, hospital, clinic, or other medical institution about an insured person's history, condition, treatment, and dates and costs of treatment in relation to that person's claim. The services in question need not have been billed, nor need payment be outstanding, for an insurer to exercise this right. Rather, a refusal to comply with a demand made under MCL 500.3158(2) gives rise to the "dispute regarding an insurer's right to discovery of facts" required by MCL 500.3159 for entry of a discovery order. Because this constitutes an actual dispute between the parties that can be redressed by a discovery order, it is a dispute over which a court has jurisdiction. An insured person is entitled to notice that the insurer has sought this information.

Affirmed in part; order compelling discovery vacated and case remanded for further proceedings.

1. INSURANCE — NO-FAULT — MEDICAL RECORDS — DISCOVERY OF MEDICAL RECORDS.

An insurance company has the statutory right to demand copies of records from a physician, hospital, clinic, or other medical institution about an insured person's history, condition, treatment, and dates and costs of treatment in relation to that person's claim; the services need not have been billed, nor need payment be outstanding, for an insurer to exercise this right; a refusal to comply with this demand gives rise to a dispute over which a court has jurisdiction (MCL 500.3158[2], 500.3159).

2. INSURANCE — NO-FAULT — MEDICAL RECORDS — RIGHT TO DISCOVERY OF MEDICAL RECORDS — NOTICE OF DISCOVERY TO INSUREDS.

An insured person is entitled to notice that an insurer has sought information under MCL 500.3158(2) from a physician, hospital, clinic, or other medical institution about that person's history, condition, treatment, and dates and costs of treatment.

*Hewson & Van Hellemont, P.C.* (by *James F. Hewson, Christine M. Sutton,* and *Steven G. Silverman*), for plaintiff.

*Law Offices of Richard R. Mannausa, PLC* (by *Richard R. Mannausa*), for defendant.

Before: HOEKSTRA, P.J., and MARKEY and DAVIS, JJ.

PER CURIAM. Defendant appeals as of right an order denying its motion for summary disposition and an order denying reconsideration and granting plaintiff's motion to compel discovery. We affirm the denial of summary disposition and the denial of reconsideration, but we vacate the order compelling discovery and remand the case for further proceedings.

Plaintiff, an insurance company, commenced this suit with a "complaint for discovery" seeking medical records for certain of its insureds who had been pro-

vided services by defendant. However, plaintiff is not currently in litigation with any of these insured persons, and it has, for the most part, paid the bills defendant submitted. Rather, plaintiff's purpose in seeking these records is to ascertain whether defendant billed improperly and what diagnoses were made and what treatments defendant performed so that plaintiff can determine whether present treatment by other providers is reasonable and necessary.[1] Plaintiff filed its "complaint for discovery" when defendant refused plaintiff's request for the medical records and to have its employees submit to examinations under oath.

Defendant moved for summary disposition, arguing that the court had no jurisdiction because there was no dispute between the parties. The trial court disagreed, as do we. Jurisdictional issues and questions of standing are reviewed de novo. *Estes v Titus*, 481 Mich 573, 578-579; 751 NW2d 493 (2008); *Nat'l Wildlife Federation v Cleveland Cliffs Iron Co*, 471 Mich 608, 612; 684 NW2d 800 (2004). Statutory interpretation is a question of law that is also considered de novo on appeal. *Detroit v Ambassador Bridge Co*, 481 Mich 29, 35; 748 NW2d 221 (2008).

We agree with defendant that there is no such thing as a "complaint for discovery," but it has long been the law in this state that it is the substance of the complaint that controls. *Group Ins Co of Mich v Czopek*, 440 Mich 590, 605; 489 NW2d 444 (1992); see also *Crown Technology Park v D&N Bank, FSB*, 242 Mich App 538, 554; 619 NW2d 66 (2000) (stating that the Court would not

---

[1] Defendant has a history of fraudulently billing for its services. See *Allstate Ins Co v Broe*, unpublished opinion per curiam of the Court of Appeals, issued August 21, 2008 (Docket No. 274809), pp 11-12. And plaintiff was involved in an earlier lawsuit in which defendant's allegedly erroneous diagnosis resulted in years of allegedly incorrect treatment of one of plaintiff's insureds.

"rely[] on the superficial language of the complaint while ignoring its substance"). What plaintiff sought in essence in its complaint was a declaratory judgment concerning the extent of the rights and responsibilities of the parties under §§ 3158 and 3159 of the no-fault act, MCL 500.3101 *et seq.*, and the equitable relief of an order compelling discovery.

The first section, MCL 500.3158, reads in relevant part as follows:

> A physician, hospital, clinic or other medical institution providing, before or after an accidental bodily injury upon which a claim for personal protection insurance benefits is based, any product, service or accommodation in relation to that or any other injury, or in relation to a condition claimed to be connected with that or any other injury, if requested to do so by the insurer against whom the claim has been made, (a) shall furnish forthwith a written report of the history, condition, treatment and dates and costs of treatment of the injured person and (b) shall produce forthwith and permit inspection and copying of its records regarding the history, condition, treatment and dates and costs of treatment. [MCL 500.3158(2).]

The second section, MCL 500.3159, reads in its entirety as follows:

> In a dispute regarding an insurer's right to discovery of facts about an injured person's earnings or about his history, condition, treatment and dates and costs of treatment, a court may enter an order for the discovery. The order may be made only on motion for good cause shown and upon notice to all persons having an interest, and shall specify the time, place, manner, conditions and scope of the discovery. A court, in order to protect against annoyance, embarrassment or oppression, as justice requires, may enter an order refusing discovery or specifying conditions of discovery and may order payments of costs and expenses of the proceeding, including reasonable fees for the appearance of attorneys at the proceedings, as justice requires.

The constitutional test for standing in Michigan requires three elements:

> First, the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. [*Rohde v Ann Arbor Pub Sch*, 479 Mich 336, 348; 737 NW2d 158 (2007) (brackets, quotation marks, and citations omitted).]

Under the no-fault act, plaintiff has a statutory right to demand copies of medical records from medical providers who have provided treatment or services "in relation to" an insured's claim. MCL 500.3158(2). The statute does not require that the services have been billed or that payment be outstanding. Once defendant had refused to comply with the statutory mandate, the "dispute" required by MCL 500.3159 arose. Notably, the statute requires a "dispute *regarding an insurer's right to discovery of facts*," not a dispute about payment of a claim or a dispute about an insured's earnings, history, condition, or treatment, as defendant argues. In this case, there was a very concrete, actual dispute over the extent of plaintiff's statutory right to obtain the records, caused by defendant's refusal to comply with MCL 500.3158, that can be redressed by a discovery order from the trial court. This is very different from the "minute and generalized" injury the plaintiffs alleged in *Rohde*, 479 Mich at 354.

Because there was an actual dispute between the parties, the trial court did not err by concluding that it

had jurisdiction to decide the case. See, e.g., *Allstate Ins Co v Hayes*, 442 Mich 56, 65-68; 499 NW2d 743 (1993). Additionally, we conclude that plaintiff met the "good cause" requirement for the same reason that there is an actual case or controversy. We further observe that, given defendant's history of fraud and alleged misdiagnoses, plaintiff is not merely embarking on a fishing expedition.

Nevertheless, we do not agree that the insureds are not interested parties entitled to notice. Plaintiff asserts that the insureds' policies require them to waive any medical-records privilege when they file a claim for benefits and thus that they have no interest in a cause of action solely designed to obtain those records. We do not believe that plaintiff's conclusion necessarily follows from its premise. The insureds have presumably waived any right to preclude plaintiff from accessing those records, but given the potentially sensitive information therein, we conclude that the insureds have an interest in, at a minimum, simply knowing that plaintiff has accessed them; furthermore, the insureds would obviously be interested in knowing that plaintiff is investigating the reasonableness and necessity of their current treatment. The insureds have an interest and must be given notice.

The trial court's order denying summary disposition is affirmed. The trial court's order compelling discovery is vacated. We remand for further proceedings consistent with this opinion. We do not retain jurisdiction.