# STATE OF MICHIGAN

# COURT OF APPEALS

TAMARA FILAS,

      Plaintiff-Appellant,

v

MEEMIC INSURANCE COMPANY,
A Michigan insurance company,
      Defendant-Appellee.

UNPUBLISHED
October 14, 2014

No. 316822
Wayne Circuit Court
LC No. 12-016693-NF

Before: STEPHENS, P.J., and TALBOT and BECKERING, JJ.

PER CURIAM.

Appellant appeals as of right the trial court order denying her motion for reconsideration and clarification of the final order of dismissal of her case as a sanction for failure to comply with discovery. We affirm.

## I. BACKGROUND

Appellant filed her complaint against her insurer, appellee, twice in this case. Both complaints were for personal injury protection benefits based on an automobile accident in the early part of 2010. Appellant's first complaint was filed by her first attorney in 2011. The parties stipulated to dismiss that complaint in 2012 without prejudice after appellant refused to sign authorizations releasing her medical and employment records to appellee. The 2012 order of dismissal provided that if appellant re-filed her lawsuit against appellee before December 22, 2012, the court would regard it as filed on November 15, 2011, "for purposes of the application of the One Year Back rule contained in MCL 500.3145(1)."

Appellant re-filed her complaint utilizing a second attorney on December 18, 2012. It was randomly assigned to a judge other than the judge on the prior case. On January 15, 2013, appellee sent appellant four authorizations from Records Deposition Service (RDS); three were to release medical records and the fourth was to release employment records. Appellant refused to sign them. Appellee motioned the trial court on February 20, 2013, to order appellant to sign the four authorizations. On the same day, the parties stipulated to a protective order regarding the production of plaintiff's medical, employment and educational records. In pertinent part, the order provided

> . . . that Plaintiff's medical, employment and educational records shall not be
> disclosed to any person, corporation, or other entity except to defense counsel's

-1-

staff, designated expert witnesses and insurance company representatives in the ordinary course of adjusting the Plaintiff's claims;

Appellant did not produce the signed authorizations prior to hearing date on the motion to compel. On March 6, 2013, the court, having received no answer to the motion, issued an order to compel which gave appellant fourteen days to comply with production.

On March 11, 2013, appellant, *in propria persona*, filed an emergency motion to substitute different forms in lieu of the RDS authorization forms provided by appellee. The motion requested that the form used comply with the requirements of the No-Fault Act. Appellant also repudiated the stipulated protective order of February 20, 2013, stating her attorney had no authority to sign it and that the protection it offered was inadequate. The court considered appellant's amended motion to substitute as a motion for reconsideration of the March 6, 2013 order to compel which had been granted due to appellant's failure to file a timely response. The court issued an order on March 15, 2013, denying appellant's request to substitute the RDS forms, but ruled it would "grant [appellant] some relief since the parties were attempting to agree on a protective order." The order provided:

> If the parties cannot agree on the order by 3/22/2013, the authorizations are due by 3/28/2013. If the parties can agree, plaintiff has 7 days additional after the entry of the agreed protective order.

On March 19, 2013, appellant's case was reassigned to the judge who presided over the initial filing pursuant to local court rule. Appellant motioned the court for a continuance on March 26, 2013, to retain new legal counsel.

Appellee filed its motion to dismiss on April 4, 2013, pursuant to MCR 2.313(B)(2)(c) and MCR 2.504(B)(1). Appellee argued that appellant had failed to comply with the court's March 15, 2013 order. The motion indicated that as of March 28, 2013, there was no amended protective order and no signed authorizations and requested the court dismiss appellant's case based on her willful violation of the court's previous orders. Appellant answered that the extant protective order did not adequately protect her confidential information from re-disclosure. Appellant maintained that her refusal to sign the RDS authorization forms was justified where the forms requested a broad release of her employment records, were without an accompanying subpoena and mandated disclosure to a third-party.

At an April 12, 2013 motion hearing, the court granted appellant an adjournment of two weeks to retain new legal counsel and held appellee's motion to dismiss under advisement. When the parties returned on April 26, 2013, appellant did not have new counsel, had not signed the authorizations and again asked for a continuance to retain counsel. The court modified the authorizations to include an expiration date which was "until the close of this case." The court then set the case aside to allow the parties to come to some agreement regarding the remainder of the authorization forms. The court recalled the case and inquired as to the reasons why the appellant had not signed the authorizations. The appellant reiterated her issues with the forms. The court dismissed appellant's case again without prejudice after appellant finally said, "No, I can't sign this agreement."

Appellant filed a motion for reconsideration and a motion for clarification on May 17, 2013. The motion for reconsideration requested the court order appellee to substitute the RDS authorization forms with SCAO form MC 315 for the release of appellant's medical information. The motion for clarification asked whether the one-year back rule would apply to appellant's re-filing of her complaint. The trial court denied both motions at a hearing on May 31, 2013.

## II. ISSUE PRESERVATION AND STANDARD OF REVIEW

Issues are preserved for appeal when they have been raised in and decided by the trial court. *Fast Air, Inc v Knight*, 235 Mich App 541, 549; 599 NW2d 489 (1999). "Where an issue is first presented in a motion for reconsideration, it is not properly preserved." *Vushaj v Farm Bureau Gen Ins Co of Michigan*, 284 Mich App 513, 519; 773 NW2d 758 (2009). The issues regarding use of SCAO form MC 315 are not preserved for appeal. The first time appellant argued to substitute the RDS authorizations with different forms was by motion on March 14, 2013, in response to appellee's motion to compel. The court, noting that the appellant failed to file a timely response to the original motion, treated her March 14th filing as a motion for reconsideration. The very first time appellant asked the court to order appellee to use form MC 315 was in a motion for reconsideration after her case was dismissed a second time. Thus the issue of whether appellee could use a form other than MC 315 to request medical information from appellant is not preserved. "Review of an unpreserved error is limited to determining whether a plain error occurred that affected substantial rights." *Rivette v Rose–Molina*, 278 Mich App 327, 328; 750 NW2d 603 (2008).

Appellant's argument against dismissal of her case also first appeared in a motion for reconsideration instead of in a timely response to appellee's motion to dismiss. A trial court's decision on a motion for reconsideration is reviewed for an abuse of discretion. *Woods v SLB Property Management, LLC*, 277 Mich App 622, 629; 750 NW2d 228 (2008). "This Court reviews a trial court's discovery orders, such as an order to compel, for an abuse of discretion." *PCS4LESS, LLC v Stockton*, 291 Mich App 672, 676-677; 806 NW2d 353 (2011). "The standard of review for decisions regarding sanctions for discovery violations is abuse of discretion." *Jilek v Stockson* (On Remand), 297 Mich App 663, 665; 825 NW2d 358 (2012) (internal citation and quotation marks omitted). "An abuse of discretion occurs when the decision results in an outcome outside the range of principled outcomes." *Id*.

## III. ANALYSIS

Appellant presents two arguments on appeal. The first is that the trial court erred in requiring her to sign authorization forms from RDS because RDS was not a party to this case and MC 315 is the required form for requesting the release of medical information for purposes of discovery under MCR 2.314(C)(1)(d). The second argument is that the trial court erred in dismissing her complaint for failure to comply with discovery when appellee had alternative means, outside of the RDS forms, to discover the information it requested from appellee.

Appellant's unpreserved arguments are reviewed for plain error affecting substantial rights. *Vushaj*, 284 Mich App at 519; *Rivette*, 278 Mich App at 328. "Plain error occurs at the trial court level if (1) an error occurred (2) that was clear or obvious and (3) prejudiced the party,

meaning it affected the outcome of the lower court proceedings." *Duray Dev, LLC v Perrin*, 288 Mich App 143, 150; 792 NW2d 749 (2010).

## A. Signing the RDS Authorization Forms

We find that the trial court did not err when it required appellant to sign the RDS authorization forms because it had authority to enforce production of appellant's records pursuant to the parties' stipulated protective order. The parties' stipulated protective order provided that appellant would produce her medical, employment and educational records under agreed upon conditions that protected her information from re-disclosure. Appellant argues that she was not required to comply with the protective order. Appellant first contends that she was not required to disclose her information to RDS because it was not a party to the case. Appellant cites MCR 2.310(C)(5) and (C)(6) as authority for her position. MCR 2.310(C)(5) "addresses [requests for production] served on nonparties for the inspection and copying of documents," *Glover v Ralph Meyers Trucking, Inc*, 224 Mich App 665, 669-670; 569 NW2d 898 (1997), where the documents are in the nonparty's possession. MCR 2.310(C)(5) is inapplicable because the rule addresses production of records from a nonparty and not disclosure to a nonparty. MCR 2.310(C)(6) likewise is irrelevant because it addresses the allocation of the costs of production of materials pursuant to MCR 2.310. Appellant next contends that she was not required to follow the protective order because she never approved it and her attorney approved it without her consent. Nevertheless, appellant was bound to the protective order by her attorney's approval. See *Saltmarsh v Burnard*, 151 Mich App 476, 491-492; 391 NW2d 382 (1986) (an attorney's knowledge is generally imputed to his client). Appellant thus presents no basis for not having complied with the stipulated protective order to produce her records to appellee.

Appellant next argues that the trial court erred in not allowing her to use form MC 315 in place of appellee's RDS authorizations. We disagree. The trial court properly declined to consider argument regarding the substitution of the RDS forms with SCAO form MC 315 in what were multiple mislabeled motions for reconsideration. Notably, MC 315 is the only form authorized by court rule. However, nothing in the rule precludes parties from stipulating to the use of other forms nor does it limit the court's ability to modify such things as the time limit of 60 days which is contained in MC 315 for reasons peculiar to a particular case. However, this was a case where the issue could have been raised in a timely answer to the motion to compel. A trial court has "discretion on a motion for reconsideration to decline to consider new legal theories or evidence that could have been presented when the motion was initially decided." *Yoost v Caspari*, 295 Mich App 209, 220; 813 NW2d 783 (2012). Also, this Court will "find no abuse of discretion in denying a motion resting on a legal theory and facts which could have been pled or argued prior to the trial court's original order." *Charbeneau v Wayne Co Gen Hosp*, 158 Mich App 730, 733; 405 NW2d 151 (1987). Accordingly, the trial court did not commit plain error when it rejected appellant's request to substitute the RDS forms with form MC 315 when those arguments first appeared in appellant's motion for reconsideration after her case had been dismissed.

The trial court's failure to require the use of MC 315 did not prejudice appellant where the court used its discretion in modifying the RDS forms and the protective order addressed appellant's concerns over re-disclosure to third parties. Appellant had two concerns with the RDS forms. The first was that the RDS forms lacked an expiration date and the second was that

they did not protect against re-disclosure. The trial court modified the RDS form and inserted "until the end of the case" as an expiration date of the release which was an expansion beyond the 60 day expiration in form MC 315. Another issue was that the RDS forms specifically shielded RDS from any liability for re-disclosure where form MC 315 merely warned of the possibility of re-disclosure. The protective order in this case limited disclosure to only defense counsel's staff, designated expert witnesses and insurance company representatives in connection with appellant's instant claims. While re-disclosure was still possible, the protective order placed a burden on the named entities not to do so and implicitly shifted all liability to the entities should they re-disclose; thus, appellant is not prejudiced by this modification.

Appellant's next allegation of error was that the trial court erred in ordering her to sign the RDS' authorization form for employment information because the release language of "any and all information which may be requested" impermissibly went beyond the scope of just wage and salary information as required under the No-Fault Act, MCL 500.3101 et seq. She also argues the court erred in failing to require that appellee file a motion for good cause under MCL 500.3159. Appellant's particular concern is that her disciplinary records would be released into the public to be discovered by potential employers, thereby affecting her future employability. This issue was waived by the parties' stipulated protective order. The protective order permitted production of appellant's medical, employment and educational records under certain conditions. The stipulation eliminated the need to file a motion or to demonstrate good cause. *State Farm Mutual Ins Co v Broe Rehab Servs*, 289 Mich App 277, 281-282; 811 NW2d 1 (2010).

### B. Dismissal Sanction

Appellant contends the trial court erred in dismissing her case for not signing the RDS authorizations because appellee could have obtained the same discovery under MCR 2.506(B)(1) by subpoena. We disagree, finding the argument to be without merit.

We could consider this issue abandoned. "An appellant's failure to properly address the merits of his assertion of error constitutes abandonment of the issue." *Peterson Novelties, Inc v City of Berkley*, 259 Mich App 1, 14; 672 NW2d 351 (2003). Nevertheless, a review of the record supports the trial court's decision to dismiss.

The trial court's order of dismissal dismissed appellant's case pursuant to MCR 2.313(B)(2)(c) and MCR 2.504(B)(1). The sanction of dismissal under MCR 2.313(B)(2)(c) for discovery violations "is to be applied only in extreme cases." *Schell v Baker Furniture Co*, 461 Mich 502, 509; 607 NW2d 358 (2000) (citations omitted). The following factors are to be considered by the court in determining the appropriate sanction:

> (1) whether the violation was wilful or accidental, (2) the party's history of refusing to comply with discovery requests (or refusal to disclose witnesses), (3) the prejudice to the defendant, (4) actual notice to the defendant of the witness and the length of time prior to trial that the defendant received such actual notice, (5) whether there exists a history of plaintiff engaging in deliberate delay, (6) the degree of compliance by the plaintiff with other provisions of the court's order, (7) an attempt by the plaintiff to timely cure the defect, and (8) whether a lesser

sanction would better serve the interests of justice." [*Dean v Tucker*, 182 Mich App 27, 32–33; 522 NW2d 711 (1994) (internal citations omitted).]

The trial court properly ascertained that appellant made a conscious, albeit, principled decision to disobey multiple court orders, despite numerous opportunities to accommodate her. "A party's failure to comply with a court discovery rule is wilful if it is conscious or intentional, not accidental or involuntary." *Houston v Southwest Detroit Hosp*, 166 Mich App 623, 628; 420 NW2d 835 (1987). Appellant willfully violated the court's orders to sign the RDS authorizations for discovery. She failed to obey the stipulated order for production of her records. She ignored the trial court's later order compelling the same information. At last, the court asked appellant multiple times on the record to sign the authorizations and appellant said no. The court considered the adjournments and continuances granted to appellant. It considered her prior case that was dismissed for the same failure. Appellant's attempt to substitute the RDS forms with form MC 315 was untimely. Appellant had over five months to sign the authorization forms or present alternative forms to the court. The trial court did not err in dismissing appellant's case when appellant's complete non-compliance to participate in any part of the court's discovery orders in over the course of a year was a stumbling block to the case proceeding. *Bass v Combs*, 238 Mich App 16, 34-35; 604 NW2d 727 (1999) overruled in part on other grounds by *Dimmitt & Owens Financial, Inc v Deloitte & Touche (ISC), LLC*, 481 Mich 618; 752 NW2d 37 (2008).

Affirmed.

/s/ Cynthia Diane Stephens
/s/ Michael J. Talbot
/s/ Jane M. Beckering