JILEK v STOCKSON (ON REMAND)

Docket No. 289488. Submitted March 28, 2012, at Lansing. Decided August 28, 2012, at 9:00 a.m.

Joy A. Jilek, as personal representative of the estate of Daniel D. Jilek, deceased, brought a medical-malpractice action in the Washtenaw Circuit Court against board-certified family-medicine physician Carlin C. Stockson, M.D.; EPMG of Michigan, P.C., which was Stockson's employer; Trinity Health-Michigan; and others, related to Stockson's treatment of Daniel at an urgent-care center. Plaintiff submitted interrogatories to defendants regarding defendants' expert witnesses, but defendants did not respond. A few weeks before trial, plaintiff moved to bar the expert witnesses' testimony because of the failure to respond to the interrogatories. Defendants' lawyer then sent letters to plaintiff summarizing the qualifications and anticipated testimony of the witnesses. The court, David S. Swartz, J., denied the motion to bar the witnesses on the basis that the letters contained sufficient information to substantively respond to the interrogatories. The jury returned a verdict of no cause of action in favor of Stockson and EPMG. Plaintiff appealed. The Court of Appeals, BORRELLO, P.J., and DONOFRIO and SHAPIRO, JJ., reversed and remanded for a new trial, concluding that the trial court had erred in the disposition of issues relating to the applicable standard of care. 289 Mich App 291 (2010). In lieu of granting leave to appeal, the Supreme Court reversed the judgment of the Court of Appeals, concluding that the trial court had correctly ruled upon the issues related to the appropriate standard of care. The Supreme Court remanded the case to the Court of Appeals for consideration of plaintiff's assertion that the trial court had improperly permitted defendants' expert witnesses to testify. 490 Mich 961 (2011).

On remand, the Court of Appeals *held*:

MCR 2.309(B) requires that each interrogatory be separately answered under oath. The rule also sets forth the procedural and formatting requirements for providing the answers. When a party fails to answer an interrogatory, MCR 2.309(C) permits opposing counsel to move for an order compelling discovery under MCR 2.313(A). MCR 2.313(B) permits the court to order sanctions when

a party has failed to obey an order to provide or permit discovery. In the absence of an agreement to accept a letter from counsel in lieu of actual signed answers to interrogatories, the provision of such a letter does not constitute compliance with MCR 2.309(B). The trial court improperly found that defense counsel's letters were an adequate substitute for answers to the interrogatories, and plaintiff would have been entitled to relief had she filed a motion to compel under MCR 2.309(C). However, plaintiff failed to file a motion to compel answers so there was no violation of MCR 2.313(B), and plaintiff failed to specifically describe how she was prejudiced. Further, the court implicitly imposed a sanction by limiting the expert witnesses' testimony to the content of the letters, which was sufficient under the circumstances.

Affirmed.

PRETRIAL PROCEDURE — CIVIL PROCEDURE — DISCOVERY — INTERROGATORIES — ANSWERS — LETTER — FAILURE — EFFECT.

In the absence of an agreement to accept a letter from counsel in lieu of actual signed answers to interrogatories, the provision of such a letter does not constitute compliance with MCR 2.309(B).

*Mark Granzotto, P.C.* (by *Mark Granzotto*), and *Davis & Kuhnke, P.C.* (by *Peter A. Davis* and *Carol A. Kuhnke*), for Joy A. Jilek.

*Collins, Einhorn, Farrell & Ulanoff, P.C.* (by *Noreen L. Slank*), for Carlin C. Stockson, M.D., and EPMG of Michigan, P.C.

ON REMAND

Before: BORRELLO, P.J., and DONOFRIO and SHAPIRO, JJ.

PER CURIAM. This medical malpractice case was tried, and the jury returned a verdict of no cause of action. This Court reversed and remanded for new trial. *Jilek v Stockson*, 289 Mich App 291; 796 NW2d 267 (2010). Our decision was, in turn, reversed by the Supreme Court. *Jilek v Stockson*, 490 Mich 961 (2011). Having reversed

this Court's opinion, the Supreme Court remanded the case for us to consider plaintiff's remaining argument, i.e., whether the trial court erred in its ruling on plaintiff's motion to bar defendants' experts from testifying in light of defendants' failure to answer expert witness interrogatories.

The standard of review for decisions regarding sanctions for discovery violations is abuse of discretion. *Beach v State Farm Mut Auto Ins Co*, 216 Mich App 612, 618; 550 NW2d 580 (1996). "An abuse of discretion occurs when the decision results in an outcome falling outside the range of principled outcomes." *Barnett v Hidalgo*, 478 Mich 151, 158; 732 NW2d 472 (2007).

Plaintiff originally submitted interrogatories regarding defendants' anticipated expert witnesses in 2005. Defendants provided no formal response. A few weeks before trial, plaintiff brought a motion to strike two witnesses from defendants' witness list because of defendants' failure to respond to the interrogatories. Defendants replied by sending plaintiff's counsel a letter enclosing the curriculum vitae of the experts and offering the following information:

> Dr. Jameson possesses a Doctor of Pharmacy degree and is a Professor at Ferris State University in addition to providing training to medical residents at Michigan State University.
>
> It is anticipated that Dr. Jameson will testify that utilization of Albuterol, in the form and manner prescribed by Dr. Stockson, is not known to have caused or induced negative/harmful/fatal cardiac response or sequela and that there is an absence of support in the medical literature, to link the prescribing of Albuterol in the manner ordered here, to coronary/cardiac misadventure in patient's [sic] who present with a history similar to that of Mr. Jilek.

Dr. Steven Almany is a board certified interventional cardiologist. It is anticipated that Dr. Almany will testify that the prescribing of Albuterol in the format/dosage/manner instituted in this case, based on his experience, is an acceptable and known form of treatment.

Further, that while there may be a theoretical risk in the prescribing of Albuterol in certain forms, with the possibility of an increase in heart rate being present, this medication is routinely given to patients who are known to have cardiac disease, including patients in the intensive care unit, the critical care unit, and the emergency room, as well as being prescribed to patients on an out-patient basis with known cardiac histories.

It is further anticipated that Dr. Almany will deny and refute that Albuterol was in any way a causative factor in the death of Mr. Jilek and that his death was not foreseeable or related to his visit of March 1st.

After plaintiff responded that the information in this letter was not sufficient to permit plaintiff to prepare for trial, defendants sent a second letter:

Dr. Almany, per my discussion with you and as indicated on his C.V., is an interventional cardiologist and will testify to the 'theoretical risk' in the prescribing of Albuterol in certain forms and the possibility of an increase in heart rate being present with the utilization of this medication, but that its implementation is wide spread and well known in patients who have a known history of coronary artery disease, including patients who are status post-myocardial infarction and are currently admitted to intensive care units or cardiac care units or are under treatment in emergency departments. This medication is also implemented in patients who have known cardiac disease and are being treated for respiratory difficulty on an out-patient, as well as in-patient, basis.

Dr. Almany will testify that the patient's demise was not the result of an inappropriate prescribing and/or administration of Albuterol and that based upon his training, background and experience, the patient's death and/or

even the discovery of a lesion may not have been prevented or preventable even had a cardiac work-up been implemented.

Further, it is Dr. Almany's position that the events of March 1st are not causally linked to the patient's demise on March 6th.

Dr. Almany has set his fees at $350.00 per hour for review and $500.00 per hour for deposition with a two hour minimum.

Dr. Jameson, like Dr. Almany, was initially contacted in 2006 and was provided with copies of the Complaint, the affidavits of merit executed by your experts and the copy of the Maple Urgent Care medical record of March 1st. They were each provided with copies of the autopsy as well.

Over time these experts have been provided with transcripts of your experts' depositions and it is the intention of defendant to call each of these experts at trial.

Dr. Jameson, in addition to being a Professor of Pharmacy, makes rounds with residents in the Family Practice Program at Michigan State University and participates in the training of these physicians with reference to the prescribing of medications.

Based on his pharmacology training and his experience in the residency program at Michigan State University, Dr. Jameson is expected to provide testimony with reference to the utilization of Albuterol and the absence of a known and/or accepted awareness of Albuterol, in the manner prescribed in this case, causing cardiac injury to patients who present with a history such as Mr. Jilek.

The testimony anticipated from each of these witnesses will be based on their respective educational backgrounds, professional and active practices, as well as the medical records generated in this case.

As indicated, Dr. Jameson will also testify as to the absence of medical literature generally known and/or published at the time Mr. Jilek was treated that would reflect or support a claim that Albuterol, when administered as

prescribed in this case, has a known and/or accepted history of causing cardiac injury in patients such as Mr. Jilek.

At the hearing on plaintiff's motion to strike the witnesses, the trial court denied the motion, concluding that the two letters sent by defense counsel contained sufficient information to substantively respond to plaintiff's interrogatories and, therefore, that the sanction of striking the witnesses was not warranted.

At trial, before the subject witnesses were called to testify, plaintiff's counsel again raised the issue and requested that the witnesses be barred from offering any opinions or testimony not disclosed in counsel's letters. The trial court agreed and directed that the testimony be so limited. Plaintiff does not refer us to any specific testimony that went beyond that limitation.

Plaintiff is correct that in the absence of an agreement to accept a letter from counsel in lieu of actual signed answers to interrogatories, provision of such a letter does not constitute compliance with MCR 2.309(B) and plaintiff would have been entitled to relief had she filed a motion to compel pursuant to MCR 2.309(C).[1] However, plaintiff did not file a motion to compel answers and so defendant did not violate MCR 2.313(B).[2] Moreover, while plaintiff's brief makes general assertions of prejudice, no specific prejudice has been described. Finally, by limiting the scope of the

[1] MCR 2.309(B) requires that each interrogatory be separately answered under oath. The rule also sets forth the procedural and formatting requirements for providing the answers. MCR 2.309(C) permits a party to move for an order compelling discovery under MCR 2.313(A) when a party has failed to answer an interrogatory.

[2] MCR 2.313(B) permits the court to order sanctions when a party has failed to obey an order to provide or permit discovery.

expert witnesses' testimony to the content of the letters, the court, by implication, imposed a sanction, which was sufficient under the facts of this case and fell within the range of principled outcomes.

Affirmed.

BORRELLO, P.J., and DONOFRIO and SHAPIRO, JJ., concurred.