# STATE OF MICHIGAN

# COURT OF APPEALS

STEPHEN KANTOS,

        Plaintiff-Appellant,

v

LEONARD MAJOR, BARBARA MAJOR,
AQUA SHORES MARINA, and AQUA SHORES
MANAGEMENT, INC.,

        Defendants-Appellees,

and

THE SILVER SHORES, INC.,

        Defendant.

UNPUBLISHED
February 16, 2017

No. 329866
Wayne Circuit Court
LC No. 14-003201-CK

Before: GLEICHER, P.J., and MURRAY and FORT HOOD, JJ.

PER CURIAM.

Before dismissing an action as a sanction for a discovery violation, a court must consider the circumstances and its options on the record. The circuit court in this case bypassed this duty and dismissed plaintiff's complaint without a hearing and with virtually no explanation. We reverse and remand for the circuit court to consider on the record the propriety of imposing discovery sanctions.

## I. BACKGROUND

Stephen Kantos used to own a boat, a "Party Cruiser" christened with an erotic name and equipped with "a DJ stand, dancing pole, hot tub, expansive bar, and powerful engines to make waves on the open water." Kantos docked his boat at a Wyandotte marina owned and operated by the various defendants. Defendants put the boat into dry storage over the winter of 2010-2011 at L & M Wildfire Motors. L & M claimed ownership of the boat, stripped it for parts, and

-1-

destroyed the remainder. Defendants later justified these actions by accusing Kantos of nonpayment under his lease.

Kantos filed suit against the marina defendants, but not L & M.[1] During discovery, defendants sought production of the original boat title. Kantos claimed that he stored the title on the boat and it was, therefore, lost to him. Kantos produced a copy of a boat title and after consulting the Michigan Secretary of State, defendants secured Kantos's 1997 application for a boat title. Defendants asserted that neither of these documents describes a boat of the subject boat's alleged dimensions.[2] They also contended that Kantos's duplicate title appeared doctored.

Defendants filed a motion to compel discovery and sought dismissal of Kantos's complaint as a sanction for Kantos's failure to produce the original title. Kantos filed various pleadings in the circuit court, but never actually responded to defendants' motion to dismiss. A hearing on the various motions was scheduled for early September. Without conducting that hearing, the circuit court dismissed Kantos's action on August 24, 2015, ruling:

> Defendants' [sic] having filed a Motion to Compel Discovery and Title to the Subject Boat, Assess Sanctions and Dismiss Plaintiff's Complaint for Failure to Produce Title in Over a Year, Defendants' [sic] having properly served said motion and notice of hearing, Plaintiff having failed to respond, and the Court being fully advised in the premises;
>
> IT IS ORDERED that Defendants' Motion is GRANTED and Plaintiff's Complaint is dismissed with prejudice as to all parties.
>
> IT IS FURTHER ORDERED that Plaintiff shall pay sanctions to Defendants' [sic] in the amount of $2,497.50 and shall submit a fee bill concurrently with this Motion.
>
> IT IS FURTHER ORDERED that any remaining or pending motions are dismissed and their respective hearing dates cancelled, and Defendants' [sic] shall file a copy of this Order with the Wayne County Mediation Tribunal.
>
> *This Order resolves the last pending claim and closes the case.* [Emphasis in original.]

---

[1] It appears from the lower court record that L & M's owner was charged criminally. Kantos accused the current defendants of breaching their contract, statutory conversion, and violating the Michigan Consumer Protection Act.

[2] Kantos has always described the subject boat as being 38 feet in length, but the duplicate title and title application list the measurement as 33 feet. Kantos explained that when he purchased the boat in 1997, the title erroneously described the boat length as 33 feet. A marina measured the boat and discovered the error. Kantos then applied for a corrected title and insured the boat as 38-feet long. Kantos possessed only the 1997 title listing the boat's length at 33 feet as the corrected title was on the boat.

Kantos sought reconsideration of the dismissal, but the circuit court denied his motion. Kantos now appeals.

## II. ANALYSIS

We review for an abuse of discretion a circuit court's imposition of discovery sanctions. *Jilek v Stockson (On Remand)*, 297 Mich App 663, 665; 825 NW2d 358 (2012). "An abuse of discretion occurs when the decision results in an outcome falling outside the range of principled outcomes." *Barnett v Hidalgo*, 478 Mich 151, 158; 732 NW2d 472 (2007).

"[T]rial courts possess the inherent authority to sanction litigants and their counsel, including the power to dismiss an action." *Maldonado v Ford Motor Co*, 476 Mich 372, 376; 719 NW2d 809 (2006). The inherent authority to dismiss an action encompasses situations where a party disregards discovery orders. MCR 2.313(D)(1)(c); MCR 2.504(B)(1); *Kalamazoo Oil Co v Boerman*, 242 Mich App 75, 86; 618 NW2d 66 (2000). However, "[d]ismissal is a drastic step that should be taken cautiously." *Vicencio v Ramirez*, 211 Mich App 501, 506; 536 NW2d 280 (1995). A court must carefully consider all relevant circumstances and other available options *on the record* before taking this drastic step. *Bass v Combs*, 238 Mich App 16, 26; 604 NW2d 727 (1999), overruled in part on other grounds by *Dimmitt & Owens Fin, Inc v Deloitte & Touche (ISC), LLC*, 481 Mich 618; 752 NW2d 37 (2008); *Vicencio*, 211 Mich App at 506-507. The severe sanction of dismissal should be reserved for a party who "flagrantly and wantonly refuses to facilitate discovery, not when the failure to comply with a discovery request is accidental or involuntary." *Bass*, 238 Mich App at 26. It is an abuse of discretion for a trial court to dismiss a case without evaluating "other available options on the record[.]" *Vicencio*, 211 Mich App at 506.

In *Dean v Tucker*, 182 Mich App 27, 32-33; 451 NW2d 571 (1990), this Court established a nonexhaustive list of factors that a court should consider when determining an appropriate discovery sanction:

> (1) whether the violation was wilful or accidental; (2) the party's history of refusing to comply with discovery requests (or refusal to disclose witnesses); (3) the prejudice to the [other party]; (4) actual notice to the [other party] of the witness and the length of time prior to trial that the [other party] received such actual notice; (5) whether there exists a history of [the party's] engaging in deliberate delay; (6) the degree of compliance by the [party] with other provisions of the court's order; (7) an attempt by the [party] to timely cure the defect, and (8) whether a lesser sanction would better serve the interests of justice.

The circuit court abused its discretion by failing to make any record consideration of the circumstances underlying Kantos's failure to produce the boat's original title. The court's failure to consider other available sanction options or to cite the *Dean* factors guiding its sanction choice was also improper. The circuit court did not even identify the court rule provisions upon which it relied, nor is there any record indication that Kantos actually disobeyed a court order to produce the original title. Given these informational gaps, we cannot evaluation the reasonableness of the court's dismissal order. See *Houston v Southwest Detroit Hosp*, 166 Mich App 623, 631; 420 NW2d 835 (1987).

The court's error cannot be deemed harmless. Kantos provided a seemingly reasonable explanation for his failure to produce an original copy of the corrected boat title properly describing the boat's length. The court must take this information into consideration when determining whether the most severe of sanctions—dismissal—is appropriate, especially as the court did not first enter an order requiring production of this specific document.

We reverse and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Elizabeth L. Gleicher
/s/ Christopher M. Murray
/s/ Karen M. Fort Hood

-4-