# STATE OF MICHIGAN

# COURT OF APPEALS

MARCIA SHAWUANG GEE,

Plaintiff-Appellant,

v

CITIZENS INSURANCE COMPANY OF
AMERICA,

Defendant-Appellee.

UNPUBLISHED
February 21, 2017

No. 329990
Wayne Circuit Court
LC No. 13-010872-NF

Before: GLEICHER, P.J., and MURRAY and FORT HOOD, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's order dismissing plaintiff's lawsuit against defendant in this first-party action brought pursuant to the no-fault act, MCL 500.3101 *et seq*. We affirm.

On appeal, plaintiff asserts that the trial court abused its discretion in dismissing her lawsuit on the basis of discovery abuses throughout the lower court proceedings. We disagree.

In dismissing plaintiff's lawsuit, the trial court relied on MCR 2.313 and MCR 2.504. In *Jilek v Stockson*, 297 Mich App 663, 665; 825 NW2d 358 (2012), this Court set forth the legal standard for reviewing a trial court's decision concerning sanctions arising from a discovery violation.

> The standard of review for decisions regarding sanctions for discovery violations is abuse of discretion. An abuse of discretion occurs when the decision results in an outcome falling outside the range of principled outcomes. [Quotation marks and citations omitted.]

MCR 2.313 provides, in pertinent part, as follows:

**(B) Failure to Comply With Order**.

* * *

(2) Sanctions by Court in Which Action Is Pending. If a party or an officer, director, or managing agent of a party, or a person designated under MCR

-1-

2.306(B)(5) or 2.307(A)(1) to testify on behalf of a party, fails to obey an order to provide or permit discovery, including an order entered under subrule (A) of this rule or under MCR 2.311, the court in which the action is pending may order such sanctions as are just, including, but not limited to the following:

(a) an order that the matters regarding which the order was entered or other designated facts may be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

(b) an order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting the party from introducing designated matters into evidence;

(c) an order striking pleadings or parts of pleadings, staying further proceedings until the order is obeyed, *dismissing the action or proceeding or a part of it*, or rendering a judgment by default against the disobedient party[.]   [Emphasis added.]

Likewise, MCR 2.504 provides, in pertinent part, as follows:

**(B) Involuntary Dismissal; Effect**.

(1)  If a party fails to comply with these rules or a court order, upon motion by an opposing party, or sua sponte, the court may enter a default against the noncomplying party *or a dismissal of the noncomplying party's action or claims*. [Emphasis supplied.]

In *Zantop Int'l Airlines, Inc v Eastern Airlines*, 200 Mich App 344, 360; 503 NW2d 915 (1993), this Court observed that the dismissal of an action is a harsh consequence and set forth relevant factors for trial courts to consider before imposing dismissal as a sanction:

Recognizing the harsh nature of dismissal, this Court has established standards by which to measure the sanction. *In Dean v Tucker*, 182 Mich App 27, 32-33; 451 NW2d 571 (1990), we summarized some of the factors that a court should consider before imposing the sanction of dismissal: (1) whether the violation was willful or accidental; (2) the party's history of refusing to comply with previous court orders; (3) the prejudice to the opposing party; (4) whether there exists a history of deliberate delay; (5) the degree of compliance with other parts of the court's orders; (6) attempts to cure the defect; and (7) whether a lesser sanction would better serve the interests of justice. The *Dean* Court also noted that "[t]his list should not be considered exhaustive." *Id.* at 33.

A review of the trial court's July 10, 2015 bench ruling confirms that it duly considered the gravity of dismissal of plaintiff's lawsuit in its entirety before imposing dismissal as a sanction. The trial court first evaluated whether plaintiff's behavior was willful or accidental. *Zantop*, 200 Mich App at 360. Specifically, the trial court took care to note that plaintiff engaged in a "repeated abuse of the [discovery] process . . . ." The trial court went on to observe that plaintiff had deleted information from her Facebook account, and that she did so in an

intentional and deliberate manner to evade discovery. Considering the history of plaintiff's violations of the trial court's orders and whether plaintiff engaged in a pattern of deliberate delay, *Zantop*, 200 Mich App at 360, the trial court further stated that plaintiff "repeatedly refused to appear" for scheduled independent medical examinations (IMEs), some of which were court-ordered, and that she "repeatedly refused to provide [information responsive] to discovery requests." Specifically, the trial court expressly stated that plaintiff's behavior evinced a complete failure to show any regard for the trial court's authority.

A review of the record supports the trial court's conclusions on these factors. First, the record confirms that plaintiff demonstrated very minimal compliance with attending scheduled IMEs. For example, on September 8, 2014, the trial court had to order plaintiff to attend IMEs with Dr. W. John Baker, Dr. Elliot Wagenheim and Dr. Gary Trock. On June 2, 2015, the trial court was required to enter a second order again compelling plaintiff to attend IMEs with Dr. Wagenheim and Dr. Trock. While plaintiff asserts on appeal that she did not *refuse* to attend these IMEs, and that transportation issues precluded her from attending, the clear fact discerned from the record is that she had to be ordered by the trial court twice to attend these IMEs.

Additionally, a close review of the record confirms that plaintiff, although (1) ordered on June 2, 2015 to provide information regarding her Facebook account to defendant, and (2) forbidden by the trial court's December 18, 2014 protective order from deleting any material from her Facebook page, deleted material in deliberate defiance of the trial court's orders. While plaintiff submitted a sworn affidavit averring that she did not delete any information from her Facebook account, defendant produced evidence in support of its third renewed motion to dismiss showing the difference between plaintiff's Facebook page on June 25, 2015 and June 26, 2015, confirming that significant deletions had taken place on plaintiff's Facebook page. Accordingly, the trial court's conclusion that plaintiff deleted the sought-after material from Facebook was grounded in the record and therefore reasonable.

Over the course of the lower court proceedings, the trial court was also aware that defendant was incurring significant expense as a result of plaintiff's failure to attend scheduled IMEs. *Zantop*, 200 Mich App at 360. The trial court was also cognizant that defendant sought information from plaintiff's Facebook account as necessary to defend its case. Additionally, the trial court gave plaintiff several opportunities to correct her behavior and provide the requested information from Facebook before ultimately dismissing the case. Plaintiff was also warned on more than one occasion that the trial court would dismiss her lawsuit if she did not comply with discovery. Put simply, plaintiff had many opportunities to rectify the issue of not providing requested discovery, and she failed to do so. *Id*. And, contrary to what plaintiff claims on appeal, the trial court's ruling makes it abundantly clear that the trial court faulted plaintiff alone for the discovery abuses, and was not holding her responsible for the actions of her mother, Marcia L. Gee, or anyone else that had not cooperated with discovery. Under the circumstances of this case, we are convinced that the trial court's decision to dismiss plaintiff's lawsuit was supported by the record, and a lesser sanction would not have better served the interests of

justice following plaintiff's repeated and flagrant defiance of the trial court's authority. *Id.*[1] Put another way, the trial court, over the course of the lower court proceedings, did consider other less drastic options before ultimately imposing dismissal as the sanction it considered just and proper under the circumstances. See, e.g., *Houston v Southwest Detroit Hosp*, 166 Mich App 623, 629-630; 420 NW2d 835 (1988). Viewed against the backdrop of repeated discovery violations by plaintiff that caused unnecessary delay in these proceedings and great expense to defendant, the trial court's decision to dismiss plaintiff's lawsuit fell within the range of principled outcomes and was not an abuse of discretion.

Affirmed. Defendant, as the prevailing party, may tax costs pursuant to MCR 7.219.

/s/ Elizabeth L. Gleicher
/s/ Christopher M. Murray
/s/ Karen M. Fort Hood

---

[1] While plaintiff argues on appeal that the trial court ought to have conducted an evidentiary hearing on the issue whether plaintiff herself deleted the material from her Facebook account, and therefore violated the trial court's orders, plaintiff has not provided any authority standing for the legal proposition that an evidentiary hearing was necessary, and our research did not yield any such authority.