# STATE OF MICHIGAN

# COURT OF APPEALS

TRACEY SMITH,

      Plaintiff-Appellant,

UNPUBLISHED
March 22, 2018

v

No. 337145
Genesee Circuit Court
LC No. 16-107699-CD

FLINT CHILDREN'S MUSEUM,

      Defendant-Appellee.

Before: MURRAY, P.J., and CAVANAGH and FORT HOOD, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's order dismissing her complaint, without prejudice. We affirm.

In this wrongful termination and racial discrimination action, this Court is asked to determine whether (1) the trial court abused its discretion by dismissing plaintiff's complaint, and (2) whether it was plain error for the trial court to impose sanctions on plaintiff, by way of a $750 fine, for failing to appear at her "premature" deposition.

First, plaintiff contends that the trial court abused its discretion by dismissing her complaint, without prejudice, upon defendant's motion. This Court reviews a trial court's decision to impose discovery violation sanctions, including dismissing a pending action, for an abuse of discretion. *Jilek v Stockson (On Remand)*, 297 Mich App 663, 665; 825 NW2d 358 (2012). "An abuse of discretion occurs when the [trial court's] decision results in an outcome falling outside the range of principled outcomes." *Id*. (quotation marks and citation omitted). Further, any findings of fact underlying a trial court's decision are reviewed for clear error. *Hardrick v Auto Club Ins Ass'n*, 294 Mich App 651, 660; 819 NW2d 28 (2011). "A finding is clearly erroneous when this Court is left with a definite and firm conviction that a mistake has been made." *Id*. (quotation marks and citation omitted).

As an initial matter, we note that plaintiff fails to cite any statutes, court rules, or caselaw to support her arguments on appeal. Instead, plaintiff argues that the trial court erroneously dismissed her claim without first hearing her evidence, and that she was treated poorly because she was not represented by counsel. "An appellant may not merely announce [her] position and leave it to this Court to discover and rationalize the basis for [her] claims, nor may [she] give only cursory treatment with little or no citation of supporting authority." *Kubicki v Mtg Electronic Registration Sys*, 292 Mich App 287, 291; 807 NW2d 433 (2011) (quotation marks

and citation omitted). Therefore, plaintiff has essentially abandoned her arguments on appeal. Regardless, we will address the merits of her argument.

Michigan jurisprudence has long recognized that "trial courts possess the inherent authority to sanction litigants and their counsel, including the power to dismiss an action," in order to "direct and control the proceedings before them." *Maldonado v Ford Motor Co*, 476 Mich 372, 376; 719 NW2d 809 (2006). Further, the Michigan Court Rules account for several circumstances where a trial court may sanction a plaintiff by dismissing the complaint. See MCR 2.504(B)(1), which provides that if a "party fails to comply with [the court rules] or a court order, upon motion by an opposing party, or sua sponte, the court may enter a default against the noncomplying party or a dismissal of the noncomplying party's action or claims;" MCR 2.313(B)(2)(c), which provides that if a party fails to, *inter alia*, permit discovery or obey an order, the trial court may dismiss the action; MCR 2.313(D)(1), which permits a trial court to impose sanctions, including dismissal of an action, if a party fails to appear for their deposition after being served with proper notice, or fails to serve answers or objections to written discovery after being served with proper notice.

When determining whether to impose any sanction, including the dismissal of an action, the trial court should carefully consider:

> (1) whether the violation [of a court order] was wilful or accidental; (2) the party's history of refusing to comply with discovery requests (or refusal to disclose witnesses); (3) the prejudice to the defendant; (4) actual notice to the defendant of the witness [(if the issue involves witness lists)] and the length of time prior to trial that the defendant received actual notice; (5) whether there exists a history of plaintiff's engaging in deliberate delay; (6) the degree of compliance by the plaintiff with other provisions of the court's order; (7) an attempt by the plaintiff to timely cure the defect, and (8) whether a lesser sanction would better serve the interests of justice." [*Dean v Tucker*, 182 Mich App 27, 32-33; 451 NW2d 571 (1990) (citations omitted).]

Dismissal of an action is "the harshest sanction that the [trial] court may impose on a plaintiff," *Donkers v Kovach*, 277 Mich App 366, 369; 745 NW2d 154 (2007) (quotation marks and citation omitted), and should be "exercised cautiously" after engaging in "a consideration of the circumstances of each case to determine if such a drastic sanction is appropriate," *Dean*, 182 Mich App at 32.

Although not explicitly mentioned, the record is clear that the trial court considered the *Dean* factors when deciding to sanction plaintiff by dismissing her complaint. The trial court acknowledged that plaintiff had been noncompliant with three of its previous orders, and that it had warned plaintiff of the consequences of her noncompliance. Further, the trial court inquired as to whether plaintiff had paid a fine previously imposed on her for failing to comply with a court order. The trial court explained that it was unfair for defendant to continue to pay its attorneys to defend plaintiff's action when plaintiff would not cooperate with court orders. Finally, we note the trial court dismissed plaintiff's complaint *without prejudice*, in order for plaintiff to be able to refile her complaint in the future. Based on the foregoing, we cannot conclude that it was outside the range of principled outcomes for the trial court to dismiss

plaintiff's complaint for failure to comply with its orders, and for a failure to complete discovery. *Maldonado*, 476 Mich at 376; MCR 2.313(B)(2)(c); MCR 2.313(D)(1); MCR 2.504(B)(1).

Plaintiff next argues that the trial court committed error requiring reversal by ordering her to pay $750 to defense counsel. An issue is properly preserved for appeal if it has been raised, addressed, and decided in the trial court. *Fast Air, Inc v Knight*, 235 Mich App 541, 549; 599 NW2d 489 (1999). Plaintiff moved, in the trial court, to "reverse" the order sanctioning her by requiring her to pay defense counsel $750. The trial court heard oral arguments from all parties, however plaintiff attempted to re-argue previous motions, and failed to address why she should not have been sanctioned in the amount of $750. Likewise, the trial court did not rule on plaintiff's motion on the record, and it is not addressed in the order from which plaintiff appeals. The only mention of the sanctions imposed by the trial court was an inquiry made to defense counsel regarding whether plaintiff had yet paid. Because the trial court never ruled on plaintiff's request to reverse its order imposing sanctions, this issue is unpreserved.

This Court is not required to address unpreserved issues, however, "it may overlook preservation requirements when the failure to consider an issue would result in manifest injustice, if consideration is necessary for a proper determination of the case, or if the issue involves a question of law and the facts necessary for its resolution have been presented." *Gen Motors Corp v Dep't of Treasury*, 290 Mich App 355, 387; 803 NW2d 698 (2010). However, because this issue is unpreserved through no fault of plaintiff, we will address it on the merits.

This Court generally reviews a trial court's decision to impose discovery violation sanctions for an abuse of discretion, *Jilek*, 297 Mich App at 665, and any findings of fact underlying the trial court's decision to impose sanctions are reviewed for clear error, *Hardrick*, 294 Mich App at 660. However, unpreserved issues are reviewed for plain error. *Richard v Schneiderman & Sherman, PC (On Remand)*, 297 Mich App 271, 273; 824 NW2d 573 (2012).

Again, plaintiff fails to cite any statutes, court rules, or case law to support her argument that the trial court erroneously sanctioned her by imposing a $750 fine. Because an "appellant may not merely announce [her] position and leave it to this Court to discover and rationalize the basis for [her] claims, nor may [she] give only cursory treatment with little or no citation of supporting authority," *Kubicki*, 292 Mich App at 29 (quotation marks and citation omitted), this argument is also abandoned. Regardless, we will address plaintiff's argument on the merits.

As noted, the trial court has the authority to impose sanctions on a noncompliant party, including fines, in order to "direct and control the proceedings before them." *Maldonado*, 476 Mich at 376. The record reflects that the trial court "considered all of its options in determining what sanction was just and proper" given the circumstances of the case before it. *Dean*, 182 Mich App at 32. Although defendant requested plaintiff's complaint be dismissed, the trial court chose a lesser sanction, a $750 fine, to cover defendant's cost of bringing its motion. The trial court expressed concern that plaintiff did not understand the seriousness of what was required of her, and explained to plaintiff that she was required to follow court rules and court orders. The trial court informed plaintiff that if she could not make the date and time of her court ordered deposition, she needed to file something in the trial court, rather than providing a doctor's note to defense counsel. Finally, the trial court allowed plaintiff one last opportunity to complete written

discovery and to sit for her deposition. Based on the foregoing, the trial court did not plainly err in sanctioning plaintiff by way of a $750 fine.

Affirmed.

/s/ Christopher M. Murray
/s/ Mark J. Cavanagh
/s/ Karen M. Fort Hood

-4-