*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

WILLIAM ANDERSON and BETTY TAYLOR,

        Plaintiffs-Appellants,

v

CITY OF DETROIT, POLICE CHIEF JAMES CRAIG, ASSISTANT POLICE CHIEF ARNOLD WILLIAMS, CAPTAIN OCTAVEIOUS MILES, POLICE LIEUTENANT TONYA WILSON-GOLFIN, and POLICE SERGEANT WINSTON CRAIG,

        Defendants-Appellees.

UNPUBLISHED
February 4, 2021

No. 351124
Wayne Circuit Court
LC No. 18-009696-CD

Before: K. F. KELLY, P.J., and STEPHENS and CAMERON, JJ.

PER CURIAM.

In this whistleblower protection action, plaintiffs, William Anderson and Betty Taylor, appeal as of right the order dismissing their complaint against defendants, the city of Detroit, Police Chief James Craig, Assistant Police Chief Arnold Williams, Captain Octaveious Miles, Police Lieutenant Tanya Wilson-Golfin, and Police Sergeant Winston Craig, for failing to comply with discovery. Because the trial court failed to consider whether lesser sanctions in lieu of dismissal were appropriate, the trial court abused its discretion, and we vacate and remand for proceedings consistent with this opinion.

## I. BASIC FACTS AND PROCEDURAL HISTORY

In August 2018, plaintiffs filed a complaint alleging that they had discovered a payroll fraud scheme orchestrated by Lieutenant Wilson-Golfin and Sergeant Craig. They claimed to suffer retaliation in violation of the Whistleblowers' Protection Act, MCL 15.361 *et seq*., after they raised the issue of fraud with Assistant Chief Williams, Captain Miles, and Chief Craig. As a result of their report, plaintiffs asserted that they received less desirable work assignments and loss of pay. During the course of discovery, the opposing parties filed multiple motions to compel discovery responses from each other. Specifically, plaintiffs alleged that defendants filed

-1-

incomplete and inappropriately redacted discovery. Defendant contended that plaintiffs failed to particularly identify the claimed deficiencies in the discovery materials and did not timely address their discovery requests. Ultimately, the trial court appointed a discovery master to review the parties' disputes and make recommendations. Nonetheless, over the course of the case, the trial court signed three orders compelling plaintiffs to respond to the discovery requests of Lieutenant Wilson-Golfin and Sergeant Craig, and compelling plaintiffs to identify defendants' responses that plaintiffs considered incomplete. All defendants eventually filed supplemental responses to plaintiffs' interrogatories.

The trial court entered an order rescheduling the end of discovery to September 17, 2019. On September 10, 2019, defendants filed a joint motion to extend the time period to file dispositive motions. On September 17, 2019, plaintiffs filed an emergency motion to extend discovery until January 2020. After plaintiffs failed to appear for their depositions noticed for September 16 and 17, 2019, all defendants sought dismissal of the complaint and sanctions for the failure to comply with discovery. Plaintiffs filed a motion for protective order to prevent their depositions, claiming that defendants had not provided complete answers to interrogatories or allowed plaintiffs to inspect documents.

At the hearing on defendants' motions to dismiss, the city's counsel reported that he had scheduled plaintiffs' depositions for September 9 and 13, 2019, but plaintiffs counsel asked to reschedule them to the next week. The city's counsel then scheduled the depositions for September 16 and 17, 2019—the dates on which plaintiffs failed to appear without any communication from plaintiffs' counsel. Plaintiffs' counsel argued that he told the city's counsel to schedule the depositions for that week, but not those particular dates. The city's counsel reported that plaintiffs had also failed to appear for scheduled depositions in April 2019. The trial court dismissed all defendants from the case on the ground that plaintiffs had missed too many scheduled depositions. Plaintiffs now appeal.

## II. DISMISSAL AS DISCOVERY SANCTION

Plaintiffs contend that the trial court abused its discretion by dismissing their complaint without conducting the requisite analysis of equitable factors and possible alternative sanctions. We agree.

This Court reviews for an abuse of discretion a trial court's imposition of discovery sanctions. *Jilek v Stockson*, 297 Mich App 663, 665; 825 NW2d 358 (2012). An abuse of discretion occurs when the decision is outside the range of principled outcomes. *Id*.

MCR 2.313(B)(2)(c) provides: "If a party . . . fails to obey an order to provide or permit discovery, . . . the court in which the action is pending may order such sanctions as are just, including, but not limited to . . . dismissing the action." A court may impose the severe sanction of dismissal "only when a party flagrantly and wantonly refuses to facilitate discovery, not when the failure to comply with a discovery request is accidental or involuntary." *Hardrick v Auto Club Ins Ass'n*, 294 Mich App 651, 661-662; 819 NW2d 28 (2011) (citation and quotation omitted). The following factors should be considered in determining the appropriateness of a discovery sanction:

(1) whether the violation was wilful or accidental; (2) the party's history of refusing to comply with discovery requests (or refusal to disclose witnesses); (3) the prejudice to the [other party]; (4) actual notice to the [other party] of the witness and the length of time prior to trial that the [other party] received such actual notice; (5) whether there exists a history of [the party's] engaging in deliberate delay; (6) the degree of compliance by the [party] with other provisions of the court's order; (7) an attempt by the [party] to timely cure the defect, and (8) whether a lesser sanction would better serve the interests of justice. [*Dean v Tucker*, 182 Mich App 27, 32-33; 451 NW2d 571 (1990).]

"[B]ecause default [or dismissal] is a severe sanction, it is imperative that the trial court balance the factors and explain its reasons for imposing such a grave sanction to allow for meaningful appellate review." *Kalamazoo Oil Co v Boerman*, 242 Mich App 75, 88; 618 NW2d 66 (2000). "The record should reflect that the trial court gave careful consideration to the factors involved and considered all of its options in determining what sanction was just and proper in the context of the case before it." *Duray Dev, LLC v Perrin*, 288 Mich App 143, 165; 792 NW2d 749 (2010). A trial court's failure to explain its reasons for dismissal and to consider alternative sanctions constitutes an abuse of discretion. *Vicencio v Ramirez*, 211 Mich App 501, 506-507; 536 NW2d 280 (1995) ("[B]ecause the trial court did not evaluate other available options on the record, it abused its discretion in dismissing the case.").

The trial court abused its discretion by dismissing plaintiffs' complaint as a discovery sanction without analyzing the required equitable factors or considering alternative sanctions on the record. Specifically, there was no analysis of the *Dean* factors or consideration of alternatives to dismissal on the record, as it was required to do before dismissing the case. Rather, the entirety of the trial court's explanation for dismissal consisted of the statement: "Okay, the Plaintiffs have missed too many depositions scheduled by Defense counsel and the email confirmed that date of the 15th [sic]."[1] Therefore, the trial court abused its discretion in failing to even consider whether a lesser sanction than dismissal was appropriate. *Id.*[2]

Vacated and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Kirsten Frank Kelly
/s/ Cynthia Diane Stephens
/s/ Thomas C. Cameron

---

[1] Defendants asserted that plaintiffs failed to appear for their depositions on three different dates. However, with regard to the first date, plaintiffs apparently objected to being deposed first and in light of the limited state of discovery. With regard to the second date, plaintiffs' counsel apparently objected to the availability on the noticed date, and therefore, defendants rescheduled the depositions to the following week.

[2] In light of our holding regarding dismissal as a sanction, we need not address plaintiffs' due process challenge and the trial court's failure to rule on their motion for protective order.