*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MARY DINAN,

  Plaintiff-Appellant,

v

CITY OF GROSSE POINTE FARMS,

  Defendant-Appellee.

UNPUBLISHED
October 08, 2024
3:17 PM

No. 364787
Wayne Circuit Court
LC No. 21-017632-NO

Before: CAMERON, P.J., and JANSEN and SWARTZLE, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's order granting summary disposition to defendant under MCR 2.116(C)(7) (governmental immunity). We reverse and remand for further proceedings consistent with this opinion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In June 2021, plaintiff, while walking to her place of employment, fell on the sidewalk in front of her employer's store. Plaintiff filed suit, alleging defendant failed to keep the sidewalk in reasonable repair under MCL 691.1402a(1). Defendant moved for summary disposition, arguing plaintiff failed to overcome the presumption that it maintained the sidewalk in reasonable repair, MCL 691.1402a(3), because she failed to demonstrate a vertical discontinuity of two inches or more or alternatively, a distinct and dangerous condition necessary to subject defendant to liability under the governmental tort liability act (GTLA), MCL 691.1401 *et seq*. Plaintiff was later deposed, and defendant included a transcript of plaintiff's deposition in its reply brief in support of its motion for summary disposition, but the copy was completely illegible.

At the hearing on defendant's motion, the trial court informed the parties it was unable to review plaintiff's deposition testimony because the copy submitted was illegible. Defense counsel offered to share his screen to show the trial court a legible copy of the deposition transcript, but the trial court declined, choosing instead to rely solely on those portions of plaintiff's deposition testimony quoted in defendant's reply brief, which concerned plaintiff stating, at different times during her deposition, that she felt she "missed a step." After the parties finished their arguments, the trial court granted defendant's motion for summary disposition, reasoning:

-1-

The real question here is whether or not this . . . vertical gradiation [sic] in the sidewalk was a defect that was open and obvious that a reasonable person should've been aware of and should have exercised the appropriate caution. But, you know, I think what is key here is her testimony. She says, . . . "And so, I come around the corner to go in the front door, which we have to do, and I was walking on the pavers and I fell. Missed. Just fell down and hit my head." And then she says . . . she missed a step. She repeatedly describes this as she missed a step. I don't know how, under the circumstances, when the plaintiff's own testimony is that she just missed a step, that it can then be attributed to the fault of the—the defendant here. She's not saying that, you know, I stepped and, when I stepped down, it was uneven and I lost my balance and I fell. She said that she missed a step, and sometimes accidents happen. We . . . do things and we fall but it doesn't mean . . . that someone else is responsible for our own accident. I think that, . . . although the gradiation [sic] and the difference in the sidewalk is kind of subtle, the reality is that she testified that the pavers looked the same way as they had every other time she walked into the store, since 2007. That was her testimony and, when you couple that with the fact that she says that she just missed the step, I think that, under the circumstances here, that the defendant is entitled to summary disposition.

Plaintiff moved for reconsideration, providing a complete copy of her deposition transcript, and arguing that the trial court erred by failing to consider the entirety of her deposition testimony. Plaintiff contended the entire deposition created a question of fact regarding whether her fall was attributable to the vertical discontinuity in the sidewalk, and the statements quoted by defendant were "simply characterizing [plaintiff's] feeling, as though she missed a step." The trial court denied plaintiff's motion, reasoning plaintiff failed to demonstrate palpable error and "merely presented the same issues already ruled on by the Court[.]" This appeal followed.

## II. STANDARD OF REVIEW

A trial court's ruling on a motion for summary disposition, and whether governmental immunity applies are questions of law that we review de novo. *Norman v Dep't of Transp*, 338 Mich App 141, 146-147; 979 NW2d 390 (2021). When reviewing a motion under MCR 2.116(C)(7), the trial court must accept as true all of the plaintiff's well-pleaded factual allegations and construe them in favor of the plaintiff unless disputed by documentary evidence submitted by the moving party." *Id*. at 146. This Court considers "any affidavits, depositions, admissions, or other documentary evidence submitted, and the court must determine whether there are any genuine issues of material fact." *Id*. Summary disposition is appropriate where "no facts are in dispute, or if reasonable minds could not differ regarding the legal effect of the facts[.]" *Id*. at 146-147. "When reviewing a motion for summary disposition brought under MCR 2.116(C)(10), a court must examine the documentary evidence presented and, drawing all reasonable inferences in favor of the nonmoving party, determine whether a genuine issue of material fact exists." *Dextrom v Wexford Co*, 287 Mich App 406, 415-416; 789 NW2d 211 (2010). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Norman*, 338 Mich App at 147 (quotation marks and citation omitted).

-2-

A trial court's decision on a motion for reconsideration is reviewed for an abuse of discretion. *Woods v SLB Prop Mgt, LLC*, 277 Mich App 622, 629; 750 NW2d 228 (2008). "An abuse of discretion occurs when the decision results in an outcome falling outside the range of principled outcomes." *Jilek v Stockson*, 297 Mich App 663, 665; 825 NW2d 358 (2012) (quotation marks and citation omitted).

## III. GOVERNING LAW

Under the GTLA, "a governmental agency is immune from tort liability if the governmental agency is engaged in the exercise or discharge of a governmental function." *Bernardoni v Saginaw*, 499 Mich 470, 473; 886 NW2d 109 (2016), quoting MCL 691.1407(1).

> An exception to this immunity is found in MCL 691.1402, the highway exception, that allows individuals to "recover the damages suffered by him or her" resulting from a municipality's failure to keep highways—including sidewalks, MCL 691.1401(c)—"in reasonable repair and in a condition reasonably safe and fit for travel[.]" When the liability allegedly arises from a sidewalk defect, a plaintiff must meet additional requirements:
>
> > A municipal corporation is not liable for breach of a duty to maintain a sidewalk unless the plaintiff proves that at least 30 days before the occurrence of the relevant injury, death, or damage, the municipal corporation knew or, in the exercise of reasonable diligence, should have known of the existence of the defect in the sidewalk. [MCL 691.1402a(2).]
>
> > A defendant is "conclusively presumed" to have knowledge of the defect "when the defect existed so as to be readily apparent to an ordinarily observant person for a period of 30 days or longer before the injury took place." MCL 691.1403. [*Bernardoni*, 499 Mich at 473-474 (bracketed citation in *Bernardoni*).]

A municipality is "presumed to have maintained the sidewalk in reasonable repair." MCL 691.1402a(3). But, a plaintiff can rebut this presumption by showing that a proximate cause of the injury was one, or both, of the following:

> (a) A vertical discontinuity defect of 2 inches or more in the sidewalk.
>
> (b) A dangerous condition in the sidewalk itself of a particular character other than solely a vertical discontinuity. [MCL 691.1402a(3).]

"Whether a presumption under subsection (3) has been rebutted is a question of law for the court." MCL 691.1402a(4). Municipalities may assert "any defense available under the common law with respect to a premises liability claim, including, but not limited to, a defense that the condition was open and obvious. MCL 691.1402a(5).

## IV. OPEN AND OBVIOUS

Plaintiff first argues that the trial court erred by granting summary disposition on the basis of the open and obvious doctrine. We agree.

"The test for whether a danger is open and obvious asks whether it is reasonable to expect that an average person with ordinary intelligence would have discovered it upon casual inspection." *Kandil-Elsayed v F & E Oil, Inc*, 512 Mich 95, 134; 1 NW3d 44 (2023) (quotation marks and citation omitted). "The test is designed to be an objective standard that looks only to the objective nature of the condition of the premises at issue." *Id*. (quotation marks, citations, and emphasis omitted).

In *Kandil-Elsayed*,[1] our Supreme Court fundamentally changed the method used when applying the open and obvious doctrine by holding that the open and obvious nature of a condition is relevant to the element of breach and a plaintiff's comparative fault in negligence or premises liability claims, as opposed to constituting an "integral" part of the duty owed to invitees. *Id*. at 153.[2] "As part of the breach inquiry, the fact-finder may consider, among other things, whether the condition was open and obvious and whether, despite its open and obvious nature, the land possessor should have anticipated harm to the invitee." *Id*. at 148. Overruling the special-aspects doctrine, the Court held that "when a land possessor should anticipate the harm that results from an open and obvious condition, despite its obviousness, the possessor is not relieved of the duty of reasonable care." *Id*. at 104. "Rather than conduct a narrow analysis of whether an obvious danger is 'effectively unavoidable' or poses an 'unreasonable risk of severe harm,' the fact-finder should consider whether 'the possessor should anticipate the harm despite such . . . obviousness.' " *Id*. at 147 (citation omitted). "If breach is shown, as well as causation and harm, then the jury should consider the plaintiff's comparative fault and reduce the plaintiff's damages accordingly." *Id*. at 149. "A determination of the plaintiff's comparative fault may also require consideration of the open and obvious nature of the hazard and the plaintiff's choice to confront it." *Id*.

The trial court implicitly concluded that the open and obvious doctrine barred plaintiff's claim, and considered to what extent plaintiff's conduct contributed to her injuries as opposed to analyzing the issue under the appropriate statutory framework prescribed by the GTLA. The GTLA requires a trial court to examine whether the plaintiff was capable of overcoming the presumption that the municipality maintained the subject sidewalk in reasonable repair. It seems

---

[1] This Court has recently held that *Kandil-Elsayed* must be applied retroactively to all cases, like this one, that were pending on direct appeal when it was decided. *Gabrielson v Woods Condo Ass'n, Inc*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket Nos. 364809 and 364813); slip op at 7-8.

[2] We reject defendant's argument that *Kandil-Elsayed* does not apply to claims against municipalities under MCL 691.1402a, because the statute was amended to include the open and obvious doctrine in 2016, meaning it incorporated the doctrine as it existed at the time. This Court has already applied *Kandil-Elsayed* to cases concerning MCL 691.1402a. See *Mann v Detroit*, unpublished per curiam opinion of the Court of Appeals, issued November 2, 2023 (Docket No. 361637).

that, while defendant moved for, and the trial court stated it granted, summary disposition under MCR 2.116(C)(7) (governmental immunity), the trial court actually granted summary disposition under MCR 2.116(C)(10) (no genuine issue of material fact). Regardless of which subrule was actually used, defendant was not entitled to summary disposition.

Under the *Kandil-Elsayed* open and obvious framework, questions of material fact remain regarding whether defendant breached its duty and whether plaintiff was comparatively at fault. There is some evidence that suggests defendant failed to exercise reasonable care under the circumstances; specifically, the provided e-mail exchanges featuring defendant's Director of Public Services, Matthew Baka, the Assistant City Manager and City Clerk, Derrick Kozicki, and clothing store management suggests defendant's employees were at least aware of *some* hazardous condition in the sidewalk. But, there is also evidence to indicate that, even if defendant breached its duty, a jury may find that plaintiff was comparatively negligent because she tripped over the uneven pavers without noticing the defect despite her familiarity with the route. Because factual questions remain, the trial court erred by granting summary disposition to defendant on the basis of the open and obvious doctrine.

## V. GOVERNMENTAL IMMUNITY

Additionally, the trial court erred by granting summary disposition to defendant on the basis of governmental immunity, because questions of fact remained regarding whether plaintiff properly rebutted the presumption that defendant maintained the sidewalk in reasonable repair, MCL 691.1402a(3). Plaintiff submitted photographs of the vertical discontinuity in the sidewalk indicating the discontinuity was "2 inches or more" MCL 691.1402a(3)(a).[3] The trial court's reasoning does not appear to have considered these photographs, instead choosing to rely entirely on the portions of plaintiff's testimony included in defendant's reply brief in support of its motion for summary disposition in concluding that plaintiff attributed her injuries entirely to missing a step.[4] Regardless of whether plaintiff believed she missed a step,[5] plaintiff submitted sufficient

---

[3] To the extent the parties argue on appeal that plaintiff failed to prove defendant 30 days' notice of the hazard at issue, we decline to consider it, because the trial court never addressed the matter in the first instance. Should the parties wish to further argue their points on this issue, they should do so in the trial court.

[4] Regardless of whether a motion for summary disposition is brought under MCR 2.116(C)(7) or (10), the trial court is required to "examine the documentary evidence presented[,]" and "draw[] all reasonable inferences in favor of the nonmoving party[.]" *Dextrom v Wexford Co*, 287 Mich App 406, 415-416, 428-429; 789 NW2d 211 (2010). Defendant presented an illegible copy of plaintiff's deposition transcript, but offered to show the trial court a legible copy at the hearing on the motion for summary disposition. The trial court should have reviewed the legible copy of plaintiff's deposition testimony before making its ruling.

[5] We also disagree with the trial court's interpretation of the limited portions of plaintiff's deposition testimony. The portions of plaintiff's deposition testimony provided in defendant's brief and considered by the trial court do not suggest plaintiff affirmatively stated she missed a step, causing her to fall. The quoted portions include her statements that: "I just fell and missed a

evidence to create a genuine issue of fact as to whether she rebutted the presumption that defendant kept the sidewalk in reasonable repair. Therefore, the trial court erred by granting defendant summary disposition on the basis of governmental immunity. Because the trial court erred in granting summary disposition in the first instance, we need not consider plaintiff's other argument on appeal that the trial court abused its discretion by denying her motion for reconsideration.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Thomas C. Cameron
/s/ Kathleen Jansen
/s/ Brock A. Swartzle

---

step, *I guess*[,]" and "*I felt* like I missed a step coming in[.]" (Emphasis added). The provided testimony clearly demonstrates that plaintiff was describing what she "felt" as she fell, which, given that she alleges she stepped onto a part of the sidewalk that was about two inches lower than where she was, is understandable.